WILLIAM D. SOWTER *vs.* SEEKONK LACE COMPANY.

JUNE 10, 1912.

PRESENT: Dubois, C. J., Johnson, Parkhurst, Sweetland, and Vincent, JJ.

*(1)   Corporations.   Directors.   Ultra Vires.*

An agreement of a board of directors of a corporation attempting to bind the corporation and stockholders as to the membership of the board of directors is *ultra vires*.

*(2)   Pleading.   Demurrer.   Surplusage.*

In an action of covenant an allegation of the breach of an ultra vires portion of an agreement between the parties does not render the count demurrable where it alleges another breach of the agreement which constitutes a good cause of action, but it should be treated as surplusage.

*(3)   Pleading.   Demurrer.'   Surplusage.*

In an action of covenant for breach of an agreement under seal, the fact that the agreement set out in the declaration, does not contain a covenant, the breach of which is alleged, does not render the count demurrable, but the matter is surplusage, as is also the irrelevant recital of another agreement between plaintiff and third persons, where disregarding all immaterial matters there still remains allegations of a good cause of action.

*(4)   Pleading.   Redundancy.*

Counts which do not differ substantially from one another are open to the objection of redundancy, but this cannot be reached by demurrer.

*(5)   Pleading.   Demurrers.   Setting out Evidence.*

A declaration for breach of covenant to employ alleging loss of other opportunities, is not demurrable for not setting out what were the opportunities; with what persons and for what compensation, since a pleader is not required to set out his evidence.

*(6)   Pleading.  Demurrers.*

Where a declaration alleges several elements of damage, the failure to allege properly one of the items will not render the count demurrable.

*(7)   Pleading.  Joinder of Actions.*

In an action of covenant, a plaintiff may join all the different causes of action which can be prosecuted under this form of action, at common law.

*(8)   Pleading.  Joinder of Actions.  Doubt.*

In an action of covenant plaintiff joined two counts in covenant under a sealed agreement with one in the general form of a count in assumpsit, upon an independent cause of action, arising out of a different matter, and he did not join any other count in covenant based upon the same matter.

*Held,* that, under Gen. Laws, 1909, cap. 283, § 26, plaintiff could properly join the counts, and was not required to disclose either the existence of or the reasonableness of his doubt as to the form of action, but his conclusion that it existed was controlling.

Decision in *Adams* v. *Lorraine Co.,* 29 R. I. 333, that the intent of Gen. Laws, 1909, cap. 283, § 26, as to joinder of counts in various forms of action, where plaintiff is in doubt as to the proper action, is to do away with the distinction between certain forms, so far as the adequacy of the writ to support counts in either form is concerned, affirmed.

VINCENT, J., dissents.

COVENANT.  Heard on exceptions of plaintiff and sustained.

SWEETLAND, J.  This case is before us upon the plaintiff's exceptions to the ruling of a justice of the Superior Court sustaining the defendant's demurrer to the declaration and to the several counts thereof.

The form of action as stated in the writ is covenant. The declaration contains three counts. In the first count the plaintiff alleges that he entered into an agreement with the defendant which was sealed with their respective seals; that this sealed instrument provided among other things that the plaintiff should serve the defendant faithfully as general manager and superintendent of its business for the term of four years from and after January 1st, 1910; that the plaintiff should be a member of the board of directors of the defendant company during said term; that the defendant company should erect and equip a mill suitable for its business and furnish sufficient capital for its operation;

that the defendant should pay the plaintiff thirty-five dollars each week during said term, and further that the defendant should credit a certain percentage of its net earnings upon the account of the plaintiff in payment for certain shares of the capital stock of the defendant, which were to be issued to (1) the plaintiff; the declaration further alleges that the plaintiff kept and performed all the covenants in said agreement to be by him performed; but that the defendant has not performed its covenants under said agreement, and among other things, that the defendant, before the end of said term of four years, has forced the plaintiff to leave its service and has removed him from and out of its board of directors.

The defendant demurs to this count on the ground that said alleged agreement under seal is *ultra vires* so far as it relates to the covenant of the defendant that the plaintiff should be a member of the board of directors of the defendant during the term of the agreement; and that said agreement in this particular is void and of no binding effect.

We are of the opinion that the defendant's criticism of the agreement in this regard is justified. Said covenant, in the particular named, is without effect. The board of directors of the defendant in authorizing the said agreement was (2) without power to bind the corporation and the stockholders as to the membership of the board of directors. The allegation of this breach of the agreement by the defendant however does not render the count demurrable. It should be treated as surplusage and does not vitiate the count. The count alleges another breach of the agreement which constitutes a good cause of action, and to which no objection has been made. The defect complained of, therefore, cannot be reached by demurrer.

The second count of the declaration alleges, among other things, that the plaintiff was skilled in the manufacture of laces and like goods; that previous to the making of said agreement under seal, recited in the first count, he entered into the service of certain persons, in the second count named, as their agent in making preparation for the establishment of

the business of lace making in the city of Pawtucket; that in consideration of his said services the persons named in said count promised the plaintiff that they would organize a corporation for carrying on said business, and that said corporation would compensate him for all services rendered as aforesaid previous to the formation of said corporation; that said persons with the assistance of the plaintiff procured the organization of the defendant corporation; that after its organization "the defendant then and there in consideration of the services so rendered by the plaintiff as aforesaid and in consideration that the plaintiff would enter into its service as its general manager and superintendent assumed upon itself the obligation to pay the plaintiff for his aforesaid services;" and that the plaintiff and defendant entered into said sealed agreement. The second count further alleges that the plaintiff has kept and performed all his covenants contained in said agreement, but that the defendant has refused to keep its covenants in said agreement contained; that it has forced the plaintiff to leave its service, has removed him from its board of directors and has "refused to compensate him for his said services rendered as aforesaid prior to the said entering into said agreement under seal as aforesaid."

The defendant has demurred to the second count on the grounds, among others, that the defendant's refusal to compensate the plaintiff for his services rendered prior to entering into said agreement under seal was no breach of the covenant set forth in the count; and that the covenant of the defendant that the plaintiff should be a member of the board of directors of the defendant company during the term named in the agreement was *ultra vires*. This count as well as the first count is open to the second objection named and the first objection is also well founded. The agreement under seal, set out in said count, contains no reference to the services performed by the plaintiff, for the persons named, prior to the sealed agreement, and said agreement under seal contains no covenant on the part of the defendant to com-

pensate the plaintiff for the performance of any such service. However, as we have said above, with reference to the demurrer to the first count, such matter is mere surplusage;. as is also the irrelevant recital of the agreement between the plaintiff and the third persons named in said count, and the performance of service by the plaintiff for said persons. The count is not thereby rendered demurrable. Disregarding all these immaterial matters contained in the second count there still remains the allegation of a good cause of action to which no objection has been made. The second count, therefore, is not demurrable on any of the grounds, stated by the defendant. Relieved of its irrelevant matter the second count does not vary substantially, if at all, from the first count. It is therefore open to the objection of redundancy; but the defendant has not demurred to it on

(4) that ground, nor can that objection be reached by demurrer;. for if the second count is redundant the first is equally so;. and it would be unjust to dismiss a plaintiff from court because he has stated the same good cause of action in two distinct counts. Since the parties are now advised as to the effect of these counts, in respect to the matters above considered, we see no embarrassment to the defendant if they both remain in the declaration. If, however, it is thought. desirable to clear the record this cannot be done by demurrer,. but in another form of procedure addressed to the discretion of the Superior Court.

In the third count of the declaration the plaintiff alleges, among other things, that he entered into the service of the defendant and performed certain work for the defendant at. its request, from which employment he was later unreasonably discharged; and "that by reason of his entering into said services . . . he refused and lost a great many opportunities for entering into the service of other persons at. highly remunerative compensation."

(5) The defendant has demurred to this count on the ground that "it does not appear in and by said count what opportunities for entering into the service of other persons the

plaintiff refused and lost, and it does not appear who those persons were and what the remuneration would have been."

This does not set out a valid ground of demurrer. It is an elementary rule of procedure at law that evidence shall not be pleaded. If, as the defendant urges, the allegation in question is one of special damage, the requirement of correct pleading is, that the plaintiff shall specifically state the nature of his special damage; but it does not require him to set forth in his declaration the names of his witnesses or the evidence by which he hopes to establish such special damage. Furthermore, the plaintiff has alleged in this count other elements of damage, and whether or not he is mistaken as to the item of damage in question or if he has failed to allege it properly, nevertheless his action will not be defeated thereby.

In addition to the foregoing demurrers to the several counts of the declaration, the defendant has demurred to the whole declaration on the ground that "it appears in and by said declaration that the plaintiff had no reason to doubt whether his action should be in covenant or assumpsit, and the plaintiff has joined in one action counts in covenant and assumpsit."

The form of the plaintiff's action being covenant the common law, unchanged in this regard by any statute of this State, permits him to join in his declaration all the different causes of action which he has against the defendant which can be prosecuted under this form of action. 1 Ency. Pl. & Pr. 164 and notes.

This being an undisputed common law rule of pleading there can be no question as to the right of the plaintiff, so far as relates to the matter now under consideration, to place the first two counts in his declaration; since they each set out a cause of action arising from the breach of the covenants of a sealed instrument. This can hardly be disputed whatever may be said in regard to the third count. It does not matter whether the first two counts set out causes of action arising from separate and independent matters or are variant statements of causes of action arising out of the

same transaction; and the plaintiff might have joined counts for other causes of action which he had against the defendant, provided such causes were recoverable in this form of action. The defendant's demurrer to the whole declaration, therefore, cannot be regarded as an objection to the first two counts, but must have been directed against the presence in the declaration of the third count. The third count is in the general form of a count in assumpsit. It does not appear to be intended as the statement of a claim arising under the sealed (8) agreement recited in the first two counts; and, as far as the question of pleading is concerned, it is founded upon an entirely independent cause of action, arising out of a different matter. As far as appears it may in some manner be connected with some other specialty or it may arise on some writing as to which the plaintiff is uncertain whether or not it should be treated as a specialty. Hence the presence of the first two counts in the declaration may be disregarded in considering this demurrer. Being counts in covenant they are properly in a declaration in an action of covenant. The question raised by this demurrer is: had the plaintiff a right to place the third count in his declaration in an action in form covenant?

The plaintiff relies upon Section 26, Chapter 283, Gen. Laws, 1909. This section is as follows: "When a plaintiff has reason to doubt whether his action should be in covenant debt, or assumpsit, he may bring either action and may join therein counts in covenant, debt, and assumpsit, or any of them, and when he has reason to doubt whether the action should be trespass or trespass on the case, he may bring either action and join therein counts in trespass and trespass on the case, or either of them, and the defendant in all such cases shall plead to the several counts according to the practice at common law, and judgment may be entered upon the counts under which the plaintiff may be entitled to recover."

This court has considered that section in *Adams* v. *Lorraine Mfg. Co.*, 29 R. I. 333, in regard to actions of trespass and trespass on the case; concerning which actions the

section makes provision similar to that regarding the actions of covenant, debt and assumpsit. In *Adams* v. *Lorraine Mfg. Co.*, *supra*, the plaintiff commenced his action by a writ setting out an action on the case. The declaration contained but a single count and that in trespass. The declaration did not state the basis of the plaintiff's doubt whether his action should be trespass on the case or trespass; or that he had such doubt. This court sustained the action of the Superior Court in overruling a demurrer to that declaration; which demurrer was based on the ground of a variance between the writ and the declaration. The case at bar, in regard to this question of pleading, is identical with *Adams* v. *Lorraine Co.*, and is governed by it. As we have seen, the first two counts, being in covenant, are entirely outside of this consideration. The action is covenant; and the third count is drawn in the form of a count in assumpsit, without stating the nature of the plaintiff's doubt whether his action in regard to the matters set out in that count, should be covenant or assumpsit; or whether he has such doubt; and he has not joined any other count in covenant based upon the same matter. If *Adams* v. *Lorraine Mfg. Co.*, is not to be overruled this third count must be sustained. There is no provision in the statute that the doubt in the plaintiff's mind, which induces him to avail himself of the statute in question, shall be a doubt which appears to the defendant to be a reasonable one. Neither the statute nor this court in its consideration of the above cited case under the statute, have required plaintiffs to set out in pleading the nature of their doubt. Unless he shall be compelled to disclose it in his declaration, we know of no proceeding by which a plaintiff can be required to submit the nature of his doubt to the court that the court may pass upon either its existence or its reasonableness. There are not many circumstances in which the intelligent pleader would be in doubt whether his action should be covenant or assumpsit, though such circumstances may be conceived, and the statute contemplates that they may exist. This plaintiff by his action must be

held to claim that such circumstances do in fact exist in his case; and, in the matter now under consideration, his conclusion is controlling.

In its application to practice, the court in *Adams* v. *Lorraine Co.*, said of this statute, that its clear intention "is to do away with the distinction between actions of trespass and trespass on the case, so far as the adequacy of the writ to support counts in either trespass or trespass on the case is concerned." This interpretation of the statute imposes no hardship on the defendant. It is in the line of the liberal changes in common law pleading which are being introduced in states still adhering generally to that form of pleading. Under the section the defendant may plead to each of the several counts according to the practice at common law and judgment will be entered only upon the counts under which the plaintiff may be entitled to recover.

All the plaintiff's exceptions to the rulings of the Superior Court are sustained, and the case is remitted to the Superior Court, with direction to overrule the demurrer to the declaration as a whole and the demurrers to the several counts thereof; and to take further proceedings.

VINCENT, J., dissents.

*Richard W. Jennings, William A. Morgan,* for plaintiff.
*Waterman & Greenlaw, Charles E. Tilley,* for defendant.